[Civ. No. 22565. Fourth Dist., Div. One. Nov. 4, 1980.]

In re the Marriage of SANDRA E. and THOMAS M. SHEA.
SANDRA E. SHEA, Respondent, v.
THOMAS M. SHEA, Appellant.

COUNSEL

Reed & Brockway and Paul L. Reed for Appellant.

Raymond A. Caine for Respondent.

OPINION

**BROWN (Gerald), P. J.**—Thomas M. Shea appeals an interlocutory judgment dissolving his marriage to Sandra E. Shea. The appeal concerns only the trial court's finding Thomas' veteran's education benefits received during marriage were community property, and the trial court's method of computing the community interest in the parties' residence.

Thomas served in the United States Navy from January 1969 to January 1973. In May 1973 he began receiving veteran's education benefits (38 U.S.C. § 1651 et seq.) which continued, with a few interruptions during the summer months when he was not in school, until December 1978. In June 1974, he bought a house, taking title in his own name. He made a down payment of $3,000, paid almost $1,500 in "points" and closing costs, and obtained a loan for the balance of the purchase price. He then began making monthly payments on the loan. Each installment included interest, taxes and insurance, as well as reduction of the loan principal. Sandra and Thomas were married November 27, 1974, and separated May 17, 1979.

At trial Thomas contended the veteran's benefits were his separate property and he sought to introduce evidence showing he had used these funds for most of the house payments made during the marriage. The trial court found the benefits received during marriage were community

property and calculated the community interest in the house accordingly. The court did not permit Thomas to offer evidence showing the source of the money used for house payments during the marriage. In computing the community interest in the house, the court used the full amount of the monthly payments made during the marriage, instead of the amount by which these payments reduced the principal.

## I.  The Veteran's Education Benefits

Where one spouse has served in the armed forces before marriage, are veteran's education benefits received during marriage community property?[1]

Congress has enacted a comprehensive program of veterans' education benefits to make service in the armed forces more attractive to prospective recruits and to make educational opportunities available to veterans who otherwise would not be able to afford them, or whose educations have been interrupted by military service (38 U.S.C. § 1651). To receive the benefits, a veteran must meet eligibility requirements, including a minimum of 180 days of service (§ 1652); a veteran must have served at least 18 months on active duty to be eligible to receive benefits for the maximum period of 45 months (§ 1661(a)). A veteran must apply for the benefits, but the Veterans Administration "shall" approve the application unless the veteran or his planned course of study is ineligible (§ 1671). Benefits are payable only while the veteran is enrolled and making satisfactory progress in an approved educational program (§§ 1674, 1683, 1772). The benefits are "an educational subsistence allowance to meet, in part, the expenses of the veteran's subsistence, tuition, fees, supplies, books, equipment, and other educational costs" (§ 1681), but the statute does not expressly limit the purposes for which the veteran may use the funds. A veteran with dependents receives an increased allowance, based on the number of dependents (§ 1682).

The veteran's educational allowances provided by this statutory scheme are a form of employee benefit, similar in nature to the wide variety of fringe benefits—for example, employer-paid life insurance, tuition reimbursement programs, and pensions—furnished by public and private employers. Like other types of employee benefits, the veter-

---

[1]Neither party contends California community property law may not be applied to this federal benefit program.

an's education allowance is designed to attract prospective employees, and entitlement to these benefits can be attained only by service with the employer. Consequently, the general principles governing characterization of fringe benefits flowing from the employment relationship determine whether veterans' education benefits are community property.

■ Under the community property system, each spouse's time, skill, and labor are community assets, and whatever each spouse earns from them during marriage is community property (*In re Marriage of Hillerman* (1980) 109 Cal.App.3d 334, 338 [167 Cal.Rptr. 240]). Fringe benefits are not a gift from the employer but are earned by the employee as part of the compensation for his services (*In re Marriage of Fithian* (1974) 10 Cal.3d 592, 596 [111 Cal.Rptr. 369, 517 P.2d 449] (retirement benefits), disapproved on another point in *In re Marriage of Brown* (1976) 15 Cal.3d 838, 851 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]; *Polk v. Polk* (1964) 228 Cal.App.2d 763, 780 [39 Cal. Rptr. 824] (employer-paid life insurance). Accordingly, fringe benefits are community property to the extent they are earned by employment during marriage (*In re Marriage of Brown, supra*, 15 Cal.3d 838, 842 (retirement benefits); *Patillo v. Norris* (1976) 65 Cal.App.3d 209, 217 [135 Cal.Rptr. 210] (employer-paid life insurance). Conversely, where a fringe benefit is earned entirely by employment before marriage, it is the separate property of the employee even if received after marriage (*Estate of Ney* (1963) 212 Cal.App.2d 891, 896 [28 Cal.Rptr. 442]).

■ Here Thomas' military service occurred entirely before marriage, and his veteran's education benefits are his separate property unless the parties expressly or impliedly agreed these funds would be community property. Since the record contains no evidence of such an agreement, the trial court's finding the benefits community property is not supported by the evidence.

In contending the benefits are community property, Sandra relies in part on the statutory requirements of enrollment and satisfactory progress in an approved educational program. In view of these conditions, she argues, the veteran's attendance at school should be considered his "employment," and the education benefits should be treated as the products of the time, skill, and effort the veteran devotes to his educational program. For this reason, she contends, benefits received during marriage should be characterized as community property. Sandra's argument assumes the congressional purpose in providing these benefits was

to compensate veterans for going to school. However, section 1651's express declaration of purpose makes it clear Congress intended to provide educational opportunities for veterans in return for their service in the armed forces. The education benefits flow from and are earned by service in the military, not attendance at school. Meeting the eligibility requirements is a condition to receipt of the funds, but the underlying right to the benefits is earned by the veteran as part of the compensation for his military service.

Sandra also relies on the statutory provision for increased allowances for veterans with dependants. However, its provision affects only the amount of the allowance and does not change the nature of the right to the benefits (*Waite* v. *Waite* (1972) 6 Cal.3d 461, 471 [99 Cal.Rptr. 325, 492 P.2d 13]).

## II.   Computing the Community Interest in the House

■   Should the trial court have included the portions of the monthly house payments allocated to interest, taxes, and insurance in computing the community interest in the house?

When community funds are used to pay off a loan on a separate asset, the community acquires a proportional interest in the asset, based on the ratio of the community investment to the total investment (*In re Marriage of Jafeman* (1972) 29 Cal.App.3d 244, 256 [105 Cal.Rptr. 483]). In computing the community's pro rata share, only the amount by which community funds have reduced the loan principal is counted; payments of interest, taxes, and insurance are excluded (*In re Marriage of Moore* (1980) 28 Cal.3d 366, 373 [168 Cal.Rptr. 662, 618 P.2d 208]). The trial court should not have included the community's payments of interest, taxes, and insurance when computing the community interest in the house.

The judgment is reversed.

Cologne, J., and Work, J., concurred.